UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IRVING MATERIALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:03-361-SEB-JPG |
| vs. ) | |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendant. ) | |

**ENTRY**

This matter is before the Court on:

- Defendants American National Fire Insurance Company and The Ohio Casualty Insurance Company's Motion for Leave to File Cross-Claim and Counterclaim,; Docket #304, March 18, 2005;

- Plaintiff Irving Materials, Inc. ("IMI") and Defendant New Hampshire Insurance Company's *Joint Motion to Dismiss New Hampshire Insurance Company*, Docket #305, March 21, 2005; and

- *IMI's Motion for Leave to File Second Amended Complaint, Docket # 306, March 21, 2005;*

and numerous related filings.  We find the resolution of these motions to be significantly interrelated, and therefore address each in turn in this Entry.  We hereby DENY the *Motion for Leave to File Cross-Claim and Counterclaim*, GRANT the *Joint Motion to Dismiss New Hampshire Insurance Company* and GRANT *IMI's Motion for Leave to File Second Amended Complaint*.

## I.  Background

IMI makes and sells ready-mixed concrete.  Beginning sometime in 1997, IMI began purchasing course aggregate for use in its concrete from Hanson Aggregates Midwest, Inc.  This continued into 2000.  In early 2002 and thereafter, IMI began to learn of problems with the concrete it sold in western Kentucky that contained Hanson's aggregate.  To date, more than 400 customers have asserted claims or given notice of potential claims against IMI as a result of the allegedly defective concrete.

IMI had a bevy of insurers that insured them either as a primary insurers or as various layers of excess insurance from 1997 to 2002.  IMI sought assistance from these insurers with the handling, defending and settling of these claims.  When it appeared that, for whatever reason, none of the insurers were particularly interested in lending a helping hand, IMI filed this lawsuit in Hancock County in February 2003.  The defendants at that time were Zurich American Insurance Company, American National Fire Insurance Company, The Ohio Casualty Insurance Company, National Surety Corporation and American Guarantee & Liability Insurance Company.  The case was immediately removed to this Court under our diversity jurisdiction.

In October 2003, IMI moved for and subsequently was granted leave to amend its complaint to add certain other insurers who were allegedly liable under policies issued to IMI. Northern Insurance Company of New York, Travelers Indemnity Company of Illinois, New Hampshire Insurance Company, Indemnity Insurance Company of North America and Gulf Insurance Company were added at that time.   Gulf, Travelers, National Surety, and Indemnity Insurance were, over the next year and a half or so,  voluntarily dismissed by IMI.  Meanwhile, the Court compelled the parties to mediation.  Zurich and its related companies, Northern

Insurance and American Guarantee were the first to settle with IMI, in the fall of 2004. New Hampshire then settled with IMI in early 2005.

IMI now wants to dismiss New Hampshire and amend its complaint a second time, taking primary aim at Ohio Casualty and American National, both of which, according to IMI, have breached their contractual obligations and, in so doing, have breached duties of good faith and fair dealing. Ohio Casualty and American National have objected to this change in the direction of the case for two reasons. First, they feel blindsided by IMI's new (primarily bad faith) allegations coming this late in the history of the case. Second, they are concerned that under Indiana substantive law, and in the absence of New Hampshire, they will end up paying more than their fair share of IMI's total damages. Although we cannot label these concerns illegitimate, we conclude that the showing of alleged prejudice by Ohio Casualty and American National is conclusory and speculative at best.

## II. Motion for Leave to File Cross-Claim and Counterclaim

Ohio Casualty and American National moved for leave to file a cross-claim and counterclaim for the stated purpose of "requesting that the Court determine proper allocation among various excess insurance carriers of any applicable coverage as requested in [IMI's] Amended Complaint." *Defendants, American National Fire Insurance Company and The Ohio Casualty Insurance Company's Reply in Support of Motion for Leave to File Counterclaim and Cross-Claim* at 1. It appears that this motion has been filed primarily as a result of IMI's settlement with New Hampshire. Ohio Casualty, American National and New Hampshire are the excess insurers providing the most dollar-amount coverage during the relevant time periods, and are likely to bear the brunt of IMI's liability to third parties. Having settled with New

3

Hampshire, IMI now wants to dismiss New Hampshire and focus this litigation on Ohio Casualty and American National. Ohio Casualty and American National, on the other hand, are concerned that this Court will apply the so-called "all sums" rule from Allstate Insurance Company v. Dana Corporation, 759 N.E.2d 1049 (Ind. 2001), in such a way that will leave them paying more than their perceived "fair share." We believe this fear is largely unfounded.

    First, this Court has not yet determined whether Dana's "all sums" rule is applicable to this case. Second, the point of the Dana case is that insurers who contract to pay for "all sums" caused by an occurrence get nothing less nor more than what they bargained for when they are called upon to pay "all sums," even if some of those sums are incurred outside the policy period. So to the extent that Ohio Casualty and American National's "fair share" is defined as the policy which limits they contractually bargained for, there is no chance that they will have to pay more than their "fair share." Third, we agree with Ohio Casualty and American National that IMI should bear the risk of settling with and dismissing New Hampshire. IMI's settlement with New Hampshire may be deemed an election to recover from New Hampshire, limited to a certain amount of money. In any event, while the Court has yet to begin to assign liability, we agree in principle that IMI, not Ohio Casualty or American National, will bear the risk of incomplete recovery due to the settlement with New Hampshire. Thus, should the Court adopt Ohio's proportionate share allocation, IMI's decision to release New Hampshire for a payment of less than its proportionate share will be IMI's loss, not Ohio's. Finally, in a worst-case scenario, Ohio Casualty and American National always have the option of pursuing relief for contribution against New Hampshire in an independent action or in a cross-claim arising out of the second amended complaint. See Fed. R.Civ.P. 13(h). It bears observing that Ohio's proposed cross-

claim seeks declaratory relief only and is not an action seeking contribution as authorized by Dana II.

Were we to grant Ohio Casualty and American National's motion, New Hampshire would necessarily remain a party to this litigation. Because the possibility that Ohio Casualty and American National will be apportioned an unfair percentage of liability is minimal and because it is not necessary to retain New Hampshire as a party to preclude that possibility, we believe it more important to dismiss New Hampshire from this litigation, thereby encouraging the resolution of litigation by settlement. Accordingly, we deny Ohio Casualty and American National's motion for leave to file a cross-claim and counterclaim, as requested in its motion directed to the present Amended Complaint. Needless to say, Ohio Casualty and American National retain the ability to assert their counterclaim against IMI seeking a declaration in favor of proportional liability in response to the Second Amended Complaint.

### III. Joint Motion to Dismiss New Hampshire Insurance Company

IMI and New Hampshire filed their *Joint Motion to Dismiss New Hampshire Insurance Company*, based upon the resolution of their differences and consummation thereof by settlement agreement. Ohio Casualty and American National object for the reasons discussed in Part II, supra. Having denied Ohio Casualty and American National's motion for leave, we see no reason to retain New Hampshire as a party. We therefore grant the motion to dismiss New Hampshire.

### IV. IMI's Motion for Leave to File Second Amended Complaint

IMI moves to amend its complaint to add what can be loosely summarized for our purposes as bad faith allegations. IMI asserts that the new allegations are based on facts that

5

have occurred since its last amendment, including the accrual of damages. Ohio Casualty and American National have objected to the motion, claiming that the amendment is untimely and will prejudice them if allowed.

Leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

We agree the amendment is technically untimely under the deadlines established by the Case Management Plan, but we refuse to close our eyes to the road this case has traveled. A case management plan is always designed with the best intentions. Sometimes, however, a case does not proceed as envisioned in the plan. This may be one or more parties' fault, or it may be no one's fault. This case has not proceeded according to plan, but we do not fault IMI or any other party. This is a complex case. Considering how it has progressed, we do not find IMI's motion to be untimely.

Further, and perhaps more importantly, Ohio Casualty and American National have not demonstrated how the amendment will prejudice them. Their bald allegations of "undue prejudice" do not establish it. See Dubicz v. Commonwealth Edison, 377 F.3d 787, 792-92 (7th Cir. 2004).

Because Ohio Casualty and American National have failed to show that they will be prejudiced if the amendment is allowed, we believe justice requires that leave to amend be "freely given." Accordingly, IMI's motion for leave to amend is granted.

### V.  Conclusion

For the foregoing reasons, we DENY the *Motion for Leave to File Cross-Claim and Counterclaim*, GRANT the *Joint Motion to Dismiss New Hampshire Insurance Company* and GRANT *IMI's Motion for Leave to File Second Amended Complaint*.

**SO ORDERED** this ⁸ᵗʰ ____ day of September, 2005.

                                                s/ John Paul Godich
                                      _____
                                      JOHN PAUL GODICH, MAGISTRATE JUDGE
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF INDIANA

**Copies to:**

**Amy Joan Adolay**
    KRIEG DEVAULT
    aadolay@kdlegal.com

**Michael E. Brown**
    KIGHTLINGER & GRAY
    mbrown@k-glaw.com tdavis@k-glaw.com

**Daniel K. Burke**
    ICE MILLER
    daniel.burke@icemiller.com nansie.whitt@icemiller.com

**Thomas J. Costakis**
    KRIEG DEVAULT, LLP
    tcostakis@kdlegal.com

**Janet Ruth Davis**
    MECKLER BULGER & TILSON
    janet.davis@mbtlaw.com

**Neil Frank Freund**
FREUND FREEZE & ARNOLD
nfreund@ffalaw.com

**James J. Hickey**
MECKLER BULGER & TILSON
james.hickey@mbtlaw.com

**Brent W. Huber**
ICE MILLER
brent.huber@icemiller.com jennifer.chisler@icemiller.com

**Katie Anne Irvine**
O'HAGAN SMITH & AMUNDSEN LLC
kirvine@osalaw.com

**Lindsay Noelle Marsico**
FREUND FREEZE & ARNOLD
lmarsico@ffalaw.com

**Steven D. Pearson**
MECKLER BULGER & TILSON
steve.pearson@mbtlaw.com

**Stephen J. Peters**
STEWART & IRWIN PC
speters@silegal.com acooper@silegal.com

**Ginny L. Peterson**
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

**Victor J. Piekarski**
O'HAGAN, SMITH & AMUNDSEN, LLC.
vpiekarski@osalaw.com

**Julie P. Rubin**
O'HAGAN SMITH & AMUNDSEN, LLC
jrubin@osalaw.com ewaterstraat@osalaw.com

**Steven Edward Springer**
KIGHTLINGER & GRAY
sspringer@k-glaw.com moconnor@k-glaw.com

**Wayne Everett Waite**
FREUND FREEZE & ARNOLD
wwaite@ffalaw.com

**Robert W. Wright**
DEAN-WEBSTER & WRIGHT LLP
rwright@dwwlegal.com

**Michael A. Wukmer**
ICE MILLER
michael.wukmer@icemiller.com

**Robert Wyn Young**
FREUND FREEZE & ARNOLD
ryoung@ffalaw.com