UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IRVING MATERIALS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:03-cv-0361- SEB-TAB |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, et al., | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY PENDING ARBITRATION**

**I.   Introduction.**

The matter before the Court is a motion to stay pending arbitration [Docket No. 658] filed by Defendant Zurich American Insurance Company ("Zurich").  Because Defendants American National Fire Insurance Company and the Ohio Casualty Insurance Company (collectively "Ohio Casualty") have not demonstrated undue prejudice as a result of this proposed stay, and the arbitration could potentially streamline issues and reduce litigation to the parties and the Court, Zurich's motion to stay pending arbitration [Docket No. 658] is GRANTED.

**II.   Background.**

Irving Materials Inc. ("IMI") filed suit against several insurance companies in March of 2003 for bad faith, breach of contract, waiver, and estoppel, after having unsuccessfully filed claims for indemnity and defense with these insurers.  For the relevant time period of 1999 – 2001, Zurich issued primary policies to IMI, and Ohio Casualty issued excess policies to IMI.  One of the major issues in this case, which has not yet been determined, is whether Zurich's underlying policies have been exhausted, thus triggering the application of the excess

policies.  [*See* Docket No. 577.]

The original policies filed with the Court as attachments to the amended complaint contain "per occurrence" deductibles.  [Docket No. 578 at ¶ 12.]  Ohio Casualty filed a motion for summary judgment on May 29, 2007, arguing that the underlying policies had not yet been exhausted, explaining that unlike policies from other years, these underlying policies for the relevant time period do not contain aggregate deductible agreements.  [Docket No. 578 at ¶ 12.]  On June 22, 2007, IMI disclosed to Ohio Casualty aggregate deductible agreements executed between it and Zurich in August 2003 that are effective as of the inception dates of the policies, but that were not attached with the policies filed with Court.  [Docket No. 669 at 1; Docket No. 652, Ex. E at 2; Docket No. 659 at 2.]  In the letter to Ohio Casualty to which the agreements were attached, IMI stated that its purpose for producing these agreements was to informally resolve the summary judgment motion filed by Ohio Casualty, which IMI noted was based on the "faulty premise" that there were no aggregate deductible agreements in the Zurich policies. [Docket No. 652, Ex. E at 2.]  IMI explained that "IMI has incurred millions in costs, fees, and expenses that exhaust the aggregate deductibles applicable to the underlying claims."  [*Id.*]

In January of 2008, Ohio Casualty filed a motion for sanctions against IMI for allegedly withholding discovery (the aggregate deductible agreements) and then ambushing Ohio Casualty with the information at the deposition of its claims representative Joseph Snider in June of 2007. [Docket No. 652 at 1.]  Ohio Casualty requests that the Court: (1) "strike the alleged aggregate deductible agreements of August 2003 from the record and . . . exclude such documents from any consideration as evidence, for any purpose, in this case"; and (2) dismiss IMI's bad faith claim against Ohio Casualty and award Ohio Casualty attorney fees and costs regarding the

production of the agreements.  [Docket No. 652 at 28.]  IMI responded that it had not been withholding this discovery, but that the issue of aggregate deductibles had not been raised prior to Ohio Casualty's motion for summary judgment.  [Docket No. 659 at 1-2.]  On February 11, 2008, Defendant Zurich filed the motion at bar requesting the Court stay its decision on the issue of Ohio Casualty's motion for sanctions against IMI pending the resolution of arbitration between IMI and Zurich on the matter of interpretation, validity, and applicability of these aggregate deductible agreements.  [Docket No. 658.]

**III.   Discussion.**

Zurich argues that because the deductible agreements "shall be settled by binding arbitration," and are governed by New York law, a binding declaration of validity, interpretation, and application of these agreements should be determined by arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 2 and New York Civil Practice Law and Rules § 7501.  Zurich further argues that by allowing the motion for sanctions to proceed prior to an arbitrator's decision, the arbitration process would be undermined.  [Docket No. 675 at 8-9.]  Zurich contends that Ohio Casualty's request "goes far beyond requesting a discovery sanction, seeking to invalidate the deductible agreements and directly challenging their interpretation and validity," [Docket No. 658 at ¶ 6], and that Ohio Casualty lacks standing "to challenge the interpretation, validity, enforceability, or applicability of the deductible agreements, which were entered into between Zurich and IMI."  [*Id*. at ¶ 7.]

Ohio Casualty objects to the motion to stay filed by Zurich because Zurich is not the party against whom the motion for sanctions is directed.  Ohio Casualty further argues that any determination made by arbitration would affect the signatories only (IMI and Zurich), and thus

have no effect on Ohio Casualty, so its motion for sanctions need not be stayed.  Ohio Casualty says that "Zurich suggests that Ohio Casualty's argument that the alleged aggregate deductible agreements of August 2003 do not apply to Ohio Casualty is the same as an argument that the aggregate deductible agreements are invalid as between IMI and Zurich." [Docket No. 669 at 6.] Ohio Casualty explains that it "does not challenge the validity, interpretation or enforceability of the agreements between Zurich and IMI," but rather it challenges "the applicability of the alleged aggregate agreements of August 2003 to Ohio Casualty, because they do not and cannot change Ohio Casualty's obligations." [Docket No. 669 at 6-7.]  Ohio Casualty also contends that Zurich is a Defendant in name only since Zurich settled with IMI in September of 2004, and that Zurich has a financial interest in both the outcome of the suit and also in the determination of the motion for sanctions because Zurich is required to pay IMI's fees in this action as part of the settlement.  [Docket No. 669 at 7-10.]  Thus, Ohio Casualty characterizes the arbitration between Zurich and IMI as a "sham" dispute.  [*Id*. at 2.]

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This Court has used the following factors in determining whether to grant a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Centillion Data Sys., LLC v. Convergys Corp*., 1:04-cv-0073-LJM-WTL, 2005 U.S. Dist. LEXIS 45195, at *3-4 (S.D. Ind. Aug. 24, 2005).

As to the first factor, Ohio Casualty's main argument is that the arbitration proceedings are irrelevant, not necessarily that the stay would unduly prejudice or tactically disadvantage

4

Ohio Casualty. Ohio Casualty also argues the stay should not be allowed based on fairness in that IMI introduced the evidence so late, though this argument assumes IMI and Zurich have identical—rather than overlapping—interests. The only real disadvantage Ohio Casualty articulates is that the motion "is a clear attempt to incorporate what would be a carefully choreographed and collusive arbitration decision to the facts of this case." [Docket No. 669 at 12.] Thus, other than expressing the potential that the arbitration decision might be incorporated in this case, Ohio Casualty has not articulated how it would be disadvantaged if its motion for sanctions were stayed. However, this potential disadvantage is not necessarily tactical in nature since the admissibility of the arbitration decision—particularly in how it pertains to Zurich—should be based on relevancy.

   The second factor—whether a stay will simplify the issues in the case—is difficult to determine at this juncture. In part, it depends on the extent to which these agreements are relevant to the exhaustion of Zurich's policy, an issue that Zurich says has not yet been fully argued. [*See* Docket No. 675 at 10-11.] If the Court ultimately determines the agreements are not relevant, any arbitration determination on these agreements will probably not simplify the issues in the case. On the other hand, while the Court is not necessarily bound by an arbitrator's determinations regarding the agreements as they pertain to the non-signatory Ohio Casualty, *see Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 687 (7th Cir. 2005), having such determinations by an arbitrator could very well aid the Court in ascertaining the potential relevance and applicability of the agreements in this case.

   Whether a stay will simplify the issues in this case also depends on whether the status of the relationship between Zurich and IMI remains the same throughout this litigation, particularly

5

considering the settlement agreement these parties have entered into is only binding subject to the outcome of this case. [Docket No. 669, Ex. A at 5.] It must be noted that while Ohio Casualty characterized its request to strike the aggregate deductible agreements from the record as only affecting the contractual relationship between Ohio Casualty and IMI and not Zurich's contractual relationship with IMI, [*see* Docket No. 669 at 1-2], what Ohio Casualty actually requests in its motion for sanctions is not so narrow. Ohio Casualty asks the Court to "strike the alleged aggregate deductible agreements of August 2003 from the record and [] exclude such documents from consideration as evidence, for any purpose, in this case." [Docket No. 652 at 28.] Zurich, as a Defendant in this action despite any settlement it might have with IMI, has a legitimate interest in ensuring "that the deductible agreements to the policies it issued to IMI remain valid and enforceable." [Docket No. 675 at 10.] If Ohio Casualty did not intend to make such a broad request in its motion for sanctions, it should have tailored it accordingly. Given that it did not, Zurich is understandably seeking to protect its interest regarding the applicability of these agreements to this case. Given the predicament in which Ohio Casualty's request to strike the agreements places Zurich (who is not faulted for any wrong-doing by Ohio Casualty on this matter), the Court will consider any information that might be relevant to this decision. As such, if the arbitration decision is relevant to this case, which can more easily be determined after the arbitration decision is made, waiting for it to be handed down would streamline the issues in this case.

      The final factor—whether granting Zurich's motion to stay will reduce the burden of litigation on the parties and the Court—is unclear. Granting the motion to stay might further delay this case, which has been pending in this Court since 2003. Such longstanding litigation

burdens everyone. On the other hand, Zurich's motion only requests the Court stay its decision on Ohio Casualty's motion for sanctions, not that the Court stay the entire case. Furthermore, the issue of whether or how these aggregate deductible agreements are relevant must at some point be addressed in this case. If ultimately the arbitration is somehow relevant to the applicability of these agreements in this case, having this information prior to ruling on this matter would lend for a more efficient and just result.

These factors tip the balance in favor of staying the decision on the motion for sanctions pending the arbitration. Ohio Casualty has not established that a stay on the motion for sanctions would prejudice or tactically disadvantage it, particularly since the motion narrowly requests the Court stay the motion for sanctions and not the entire case. Furthermore, the major difficulty posed by Ohio Casualty's request that the Court strike the aggregate deductible agreements is that the Court currently lacks all the information necessary to determine whether and in what ways these agreements are relevant to this action. (Lacking this information has, in turn, made it difficult for the Court to ascertain whether staying the motion for sanctions pending arbitration will simplify the issues in this case and reduce the litigation burden on the parties.) While not inevitable, the arbitration could very possibly help develop the information regarding the relevancy of these agreements. Thus, waiting for the results of the arbitration will allow the Court to actually view all potentially relevant information before determining whether such information is indeed relevant.

**IV.     Conclusion.**

The Court has no interest in prolonging any portion of this already protracted litigation. However, given the breadth of the request in Ohio Casualty's motion for sanctions and the

potential that the results from the arbitration could be relevant to how the aggregate deductible agreements affect at least some aspects of this case, Zurich's motion to stay Ohio Casualty's motion for sanctions [Docket No. 658] is GRANTED.  Zurich and IMI shall file a copy of the arbitration decision with the Court within 20 days of the completion of the arbitration.

Dated:   05/05/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gordon Dale Arnold
FREUND FREEZE & ARNOLD
garnold@ffalaw.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Janet Ruth Davis
MECKLER BULGER & TILSON
janet.davis@mbtlaw.com

Neil Frank Freund
FREUND FREEZE & ARNOLD
nfreund@ffalaw.com

James J. Hickey
MECKLER BULGER & TILSON
james.hickey@mbtlaw.com

Brent W. Huber
ICE MILLER LLP
brent.huber@icemiller.com

Lindsay Noelle Marsico
FREUND FREEZE & ARNOLD
lmarsico@ffalaw.com

Eileen P. H. Moore
ICE MILLER LLP
eileen.moore@icemiller.com

Steven D. Pearson
MECKLER BULGER & TILSON
steve.pearson@mbtlaw.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Ginny L. Peterson
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

Rabeh M. A. Soofi
ICE MILLER LLP
rabeh.soofi@icemiller.com

Steven Edward Springer
KIGHTLINGER & GRAY
sspringer@k-glaw.com

Wayne Everett Waite
FREUND FREEZE & ARNOLD
wwaite@ffalaw.com

Robert W. Wright
DEAN-WEBSTER & WRIGHT LLP
rwright@dwwlegal.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com

Robert Wyn Young
FREUND FREEZE & ARNOLD
ryoung@ffalaw.com