UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IRVING MATERIALS, INC.,           )<br>              Plaintiff,                       )<br>                                                 )<br>     vs.                                          )<br>                                                 )<br>ZURICH AMERICAN INSURANCE  )<br>COMPANY, et al.,                       )<br>              Defendants.                   ) | 1:03-cv-361- SEB-TAB |

**ORDER ON MOTION TO COMPEL**

**I.     Introduction.**

This matter is before the Court on the motion to compel [Docket No. 696] filed by Defendants American National Fire Insurance Company and the Ohio Casualty Insurance Company (collectively "Ohio Casualty"). Ohio Casualty seeks from Defendant Zurich American Insurance Company and its affiliates (collectively "Zurich") Zurich's underwriting files and documents related to aggregate deductible agreements between Zurich and Irving Materials, Inc. ("IMI"). Zurich objects on the grounds that such discovery is premature and irrelevant.[1] Because Zurich has failed to support these objections, Ohio Casualty's motion to compel [Docket No. 696] is granted.

**II.    Background.**

IMI filed suit against several insurance companies in March of 2003 for bad faith, breach of contract, waiver, and estoppel, after having unsuccessfully filed claims for indemnity and

---

[1] The Court interprets Zurich's relevance objection as being, more precisely, an assertion that the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence.

defense with these insurers. For the relevant time period of 1999 – 2001, Zurich issued primary policies to IMI, and Ohio Casualty issued excess policies to IMI. One of the major issues in this case, which has not yet been determined, is whether Zurich's underlying policies have been exhausted, thus triggering the application of the excess policies. [*See* Docket No. 577 at 1.]

The original policies filed with the Court as attachments to the amended complaint contain "per occurrence" deductibles. [Docket No. 578 at ¶ 12.] Ohio Casualty filed a motion for summary judgment on May 29, 2007, arguing that the underlying policies had not yet been exhausted, explaining that unlike policies from other years, the underlying policies for the relevant time period do not contain aggregate deductible agreements. [Docket No. 578 at ¶ 12.] On June 22, 2007, IMI disclosed to Ohio Casualty aggregate deductible agreements executed between IMI and Zurich in August 2003 that are effective as of the inception dates of the policies. [Docket No. 669 at 1; Docket No. 652, Ex. E at 2; Docket No. 659 at 2.] These agreements were not attached to the policies filed in the amended complaint. IMI's purpose in disclosing the aggregate deductible agreements was to informally resolve the summary judgment motion filed by Ohio Casualty that IMI said was based on the incorrect assumption that there were no such agreements as part of the Zurich policies. [Docket No. 652, Ex. E at 2.] Ohio Casualty filed a motion for sanctions against IMI for failing to disclose these agreements as part of discovery. [Docket No. 651] This motion for sanctions is still pending because the Court granted Zurich's motion to stay a decision on it pending arbitration between IMI and Zurich on the issue of the aggregate deductible agreements. [Docket Nos. 658, 676.] In the motion to compel at issue before the Court, Ohio Casualty seeks discovery of documents related to these aggregate deductible agreements as well as the underwriting files Zurich maintained for IMI for

1997 – 2002.  [Docket No. 696 at 1-2.]

**III.    Discussion.**

Ohio Casualty filed its motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(2)(B).  Zurich argues that it need not provide the information Ohio Casualty seeks because: (1) the request is premature; and (2) the information is irrelevant.  [Docket No. 706 at 1-2.]  Zurich has the burden of showing, with specificity, that the discovery is objectionable.  *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

Zurich argues that the request is premature because the issue of the aggregate deductible agreements, as between IMI and Zurich, is currently before an arbitrator.  Ohio Casualty points to the Court's May 5, 2008, order granting Zurich's motion to stay pending arbitration.  [*See* Docket No. 676.]  In that order the Court granted Zurich's request to stay a decision on Ohio Casualty's motion for sanctions filed against IMI for allegedly withholding discovery (the aggregate deductible agreements) until the conclusion of an arbitration decision between Zurich and IMI regarding the deductible agreements.

The Court granted Zurich's motion partly because the information from the arbitration might be relevant to a ruling on the motion for sanctions, and if so, having the information before the ruling on the motion for sanctions might lead to a more efficient and just result.  Another reason the Court granted Zurich's motion to stay was because Ohio Casualty's motion for sanctions broadly requested that the Court "strike the alleged aggregate deductible agreements of August 2003 from the record and . . . exclude such documents from consideration as evidence, for any purpose, in this case."  [Docket No. 652 at 28.]  Such a request would not only affect the

3

litigation between Ohio Casualty and IMI but also between IMI and Zurich.[2]  Thus, the Court determined that more time was appropriate to gather potentially relevant information prior to deciding whether to exclude the aggregate deductible agreements altogether.  However, the Court did not at that time conclude that the arbitration decision regarding matters between IMI and Zurich would be binding as to IMI and Ohio Casualty, or that the arbitration decision would even be relevant.  Furthermore, as the Court noted in its order on the motion to stay, the stay only covers Ohio Casualty's motion for sanctions, nothing else.  [*See* Docket No. 676 at 7.]  Therefore, the fact that the arbitration on the aggregate deductible agreements is still pending is not a valid basis for denying Ohio Casualty discovery on these agreements as premature.

Zurich also argues Ohio Casualty's motion to compel should be denied because the information Ohio Casualty seeks is irrelevant to this case.  The Court need not detail the parties' arguments regarding deposition statements made supporting or not supporting the relevance of the aggregate deductible agreements.  One of the main issues in this case is what effect the IMI-Zurich policies—including (or maybe not) the aggregate deductible agreements—have on the contractual relationship between IMI and Ohio Casualty.  IMI seems likely to rely on the aggregate deductible agreements in support of the allegation that IMI's primary policies with Zurich have been exhausted and thus the IMI-Ohio Casualty umbrella policy would be in play.  [*See* Docket No. 652, Ex. E.]  Therefore, Zurich's underwriting files and information pertaining to the aggregate deductible agreements is not only relevant but probably necessary in

---

[2] Ohio Casualty has since backed away from this sweeping request and does not question the validity of the agreements as between IMI and Zurich, but rather contends that they "are not enforceable against or binding upon Ohio Casualty" and that they "cannot change the parties' rights or obligations under the Ohio Casualty insurance contracts." [Docket No. 697 at 5; *see also* Docket No. 669 at 2.]

determining whether or in what ways the aggregate deductible agreements are applicable in this case.

**IV.     Conclusion.**

For the reasons set forth above, Zurich has failed to meet its burden to show that the information Ohio Casualty seeks is premature or irrelevant.  Therefore, Ohio Casualty's motion to compel [Docket No. 696] is granted.  Zurich shall produce the requested materials within 20 days of the date of this order.

Dated:   09/23/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gordon Dale Arnold
FREUND FREEZE & ARNOLD
garnold@ffalaw.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Janet Ruth Davis
MECKLER BULGER TILSON MARICK & PEARSON LLP
janet.davis@mbtlaw.com

Neil Frank Freund
FREUND FREEZE & ARNOLD
nfreund@ffalaw.com

James J. Hickey
MECKLER BULGER TILSON MARICK & PEARSON LLP
james.hickey@mbtlaw.com

Brent W. Huber
ICE MILLER LLP
brent.huber@icemiller.com

Lindsay Noelle Marsico
FREUND FREEZE & ARNOLD
lmarsico@ffalaw.com

Eileen P. H. Moore
ICE MILLER LLP
eileen.moore@icemiller.com

Steven D. Pearson
MECKLER BULGER TILSON MARICK & PEARSON LLP
steve.pearson@mbtlaw.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Ginny L. Peterson
KIGHTLINGER & GRAY

gpeterson@k-glaw.com

Rabeh M. A. Soofi
ICE MILLER LLP
rabeh.soofi@icemiller.com

Steven Edward Springer
KIGHTLINGER & GRAY
sspringer@k-glaw.com

Wayne Everett Waite
FREUND FREEZE & ARNOLD
wwaite@ffalaw.com

Robert W. Wright
DEAN-WEBSTER WRIGHT & KITE LLP
wright@dwwklaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com

Robert Wyn Young
FREUND FREEZE & ARNOLD
ryoung@ffalaw.com